### Fidelity & Columbia Trust Company, Trustee, et al. v. Smith, Master Commissioner.

(Decided October 12, 1915.)

Appeal from Logan Circuit Court.

Court Commissioners—Compensation and Fees.—An allowance to the master commissioner of $500 for making a sale of property held unauthorized by Section 1740, Kentucky Statutes.

W. F. BROWDER, S. R. CREWDSON and W. PRATT DALE for appellants.

O. M. SMITH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Reversing.

The Fidelity & Columbia Trust Company, as Trustee, sued the Russellville Home Telephone Company and

the Central Home Telephone & Telegraph Company, in the Logan Circuit Court, to enforce a mortgage executed to it as designated trustee under a bond issue. It recovered a default judgment in the sum of $40,000, with interest thereon from January 1, 1908, and the plant and franchise of the defendants were ordered to be sold by the master commissioner of the court in satisfaction thereof, the sale bonds to be made payable to the plaintiff trust company. At a subsequent term an order was entered allowing the master commissioner $500 for making the sale, to which order plaintiff objected and excepted.

Defendant, Russellville Home Telephone Company, then appeared and moved the court to set aside the order fixing the allowance to the master commissioner. This motion the court overruled, and defendant telephone company excepted and prayed an appeal, which was granted on June 9, 1914.

Thereupon, both the plaintiff trust company and defendant, Russellville Home Telephone Company, prosecuted this appeal, the former being granted an appeal by the clerk of this court on July 29, 1914.

Section 1740, Kentucky Statutes, fixes the compensation of master commissioners for making sales of land and personal property, and the court has no power to alter its provisions. This order was entered before the sale was made, and there is nothing in the record to show that it has since been made; and until it is made, it will be impossible to determine the fee to which the commissioner will be entitled. It is certain, however, that it cannot amount to $500, as the statute limits the fee to $25 for making a sale of land or personal property unless the officer is required to go out of the county to make the sale or unless more than one tract is sold under the decree. In this case there is no land ordered to be sold, nor does it appear that appellee will have to go out of the county to execute the order of sale.

The judgment of the court allowing appellee a fee of $500 is therefore reversed.